MATTER OF MOORMAN

In SECTION 245 Proceedings

A-12977383

*Decided by District Director July 28, 1964*

An alien who entered as a nonimmigrant student and who was born in the United States but was expatriated under section 401(e) of the Nationality Act of 1940 is not precluded by section 245(c), Immigration and Nationality Act, as amended, from adjusting her status to that of a lawful permanent resident under section 245(a) of the Act since she is not, in fact, a native of a country contiguous to the United States, even though under section 202(a)(3) of the Act she is considered, for quota purposes, as having been born in Canada and to be a nonquota immigrant under section 101(a)(27)(C) of the Act.

The applicant was born in Meade, Kansas on August 3, 1910 and was a United States citizen at birth. Her parents were also born in the United States. Her father first went to Canada on May 15, 1912, being followed on August 23, 1912 by the applicant, her mother, and other children in the family. Her father was naturalized in Canada on April 19, 1915. In April 1920, the applicant and family returned to the United States. On September 11, 1923, the applicant returned to Canada and was married in 1931 to Stanley Moorman, a naturalized citizen of Canada.

The applicant voluntarily voted in Canadian provincial elections on May 10, 1952 and September 19, 1956. At that time she knew she had been born in the United States and the record does not establish that she had been informed by any official that she had no claim to United States citizenship. By her act of voting on May 10, 1952, the applicant lost her United States citizenship under the provisions of section 401(e) of the Nationality Act of 1940.

Section 245 of the Immigration and Nationality Act, as amended, provides that the status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion, to that of an alien lawfully admitted for permanent residence. Subparagraph (c) of section 245 further pro-

vides that the provisions of the section shall not be applicable to any alien who is ". . . a native of any country contiguous to the United States . . .".

Section 202(a)(3) of the Act provides that "an alien born in the United States shall be considered as having been born in the country of which he is a citizen or subject, or if he is not a citizen or subject of any country then in the last foreign country in which he had his residence as determined by the consular officer;".

The last-cited section serves the purpose of providing a means to determine the quota to which an immigrant born in the United States shall be chargeable. Under the terms of this section, the applicant is considered to be a nonquota immigrant under section 101(a)(27)(C) of the Act, as though she were born in Canada. Although by its terms, the applicant, *for quota purposes*, is considered as having been born in Canada, she is not, as a matter of fact, a *native* of Canada, a country contiguous to the United States. She is not precluded under section 245(c), therefore, from being granted status as a lawful permanent resident.

The applicant last entered the United States on January 28, 1963 as a student in practical nursing under the provisions of section 101(a)(15)(F) of the Act. She was inspected and admitted. She is in all respects eligible to have her status adjusted to that of a lawful permanent resident under section 245 and her application will be granted.

*It is ordered* that the application for status as a lawful permanent resident under section 245 of the Immigration and Nationality Act, as amended, be approved.